J-A26023-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| SANDRA A. CHRISTMAN, ADMINISTRATRIX OF THE ESTATE OF ESTER I. STRAUSE, DECEASED, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MANOR CARE OF WEST READING PA, LLC, D/B/A MANORCARE HEALTH SERVICES – WEST READING NORTH, AND MANORCARE HEALTH SERVICES, INC. AND HCR MANORCARE, INC. AND MANORCARE INC. AND HCR HEALTHCARE, LLC, AND HCR II HEALTHCARE, LLC, AND HCR III HEALTHCARE, LLC AND HCR IV HEALTHCARE, LLC | |
| Appellants | No. 1226 MDA 2013 |

Appeal from the Order June 13, 2013
In the Court of Common Pleas of Berks County
Civil Division at No(s): 12-4389

BEFORE:  BOWES, J., MUNDY, J., and JENKINS, J.

CONCURRING STATEMENT BY MUNDY, J.:     **FILED JANUARY 05, 2016**

I agree with the Majority's application of ***Taylor v. Extendicare Health Facilities, Inc.***, 113 A.3d 317 (Pa. Super. 2015), *appeal granted*, 122 A.3d 1036 (Pa. 2015) to this case.  However, I cannot agree with footnote 3, where the Majority concludes, albeit in *dicta*, that our Supreme

Court's recent decision in **Wert v. Manorcare of Carlisle PA, LLC**, --- A.3d ---, 2015 WL 6499141 (Pa. 2015) (plurality) does not apply in this case.[1]

As I recently explained, **Wert** held that an arbitration agreement which required the arbitration forum to apply the NAF Code of Procedure, was unenforceable because "the NAF Code states that only the NAF can administer its own code, [rendering] this [clause] an 'integral and non-severable' provision of the arbitration agreement." **MacPherson v. Magee Mem. Hosp. for Convalescence**, --- A.3d ---, 2015 WL 7571937, at *15 (Pa. Super. 2015) (*en banc*) (Mundy, J., dissenting), *quoting* **Wert**, **supra** at *5, 10.

In this case, like the agreement at issue in **MacPherson**, the arbitration agreement states that whoever the arbitration panel is, "[t]he Panel shall apply NAF's Code of Procedure[.]"  Memorandum of Law in Support of Appellant's Preliminary Objections, 8/17/12, Exhibit B, at 2.  In my view, consistent with our Supreme Court's conclusion in **Wert**, the exclusivity of the choice of law in the arbitration agreement renders this provision "integral and non-severable".  **Wert**, **supra** at *5, 10.  As a result,

---

[1] Although **Wert** is a plurality opinion, "three justices out of five in **Wert** agreed that the NAF Code issue rendered the arbitration agreement unenforceable."  **MacPherson**, **supra** at *16.  "Thus, the portion of **Wert** pertaining to the requirement in Rule 1(A) [of the NAF Code of Procedure] that NAF administer its own Code, which is central to the conclusion in **Wert** that the arbitration agreement therein was unenforceable, is precedential and binding on this Court."  **Id.**

I cannot agree with the Majority's conclusion that **Wert** does not apply in this case. Accordingly, I respectfully concur in the result only.